IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ANGELA SMITH                                                                                    PLAINTIFF

V.                                               NO. 6:19-CV-06025-RTD

JASON WATSON, in his official capacity
as Clark County Sheriff; DERRICK BARNES,
in his official capacity as Jail Administrator;
MYLES B. KARR, in his official capacity as
Clark County Deputy and individually                    DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Now before the Court is Defendants' Motion for Summary Judgment (Mot. Summ. J., Oct. 9, 2020, ECF No. 18). Plaintiff Angela Smith, a former inmate at the Clark County jail, filed suit pursuant to 42 U.S.C. §1983 claiming her constitutional rights were violated by Defendant Sheriff's Deputy Myles B. Karr. (Compl., Feb. 22, 2019, ECF No. 1.) Plaintiff also asserts state law claims for violations under the Arkansas Civil Rights Act of 1993, Ark. Code. Ann. § 16-123-101, et seq., and common law negligence. By way of relief, Plaintiff demands declaratory judgment; nominal, compensatory, and punitive damages; and attorney fees. Defendants filed a motion seeking summary judgment on all official capacity claims and all individual capacity claims against Defendants Watson and Barnes. Plaintiff has not filed a response in opposition to the motion, and the deadline to do so has passed. See Local Rules 7.2(b), 56.1(d). This Court has original jurisdiction pursuant to 28 U.S.C. §§1331, 1343 and supplemental jurisdiction over the state law claims under 28 U.S.C. §1367(a). Upon review, the Court finds summary judgment is proper and the motion should be GRANTED.

I.   BACKGROUND

The facts are not in dispute, and they are recited only as necessary to this decision.  Plaintiff was sexually abused by Defendant Karr while she was in custody and being transported to a medical visit, and she brings this suit claiming violations of her rights under the Fifth, Eighth, and Fourteenth Amendments. Plaintiff names all Defendants in their official capacities as officers and employees of the Clark County Sheriff's Department and in their individual capacities.  Plaintiff also names John and Jane Does 1-20 as Defendants.

Defendant Myles B. Karr, a former transport officer with the Clark County Sheriff's Department, is sued in both his individual and official capacities.  See Compl. ¶ 7.  Once Plaintiff reported being sexually abused, Karr was immediately suspended from duty and an investigation ensued.  Ultimately, Karr was terminated from his employment with the Sheriff's Department, and the matter was referred for prosecution.   (Watson Aff., Oct. 9, 2020, ECF No. 20-1)

Defendant Clark County Sheriff Jason Watson is responsible for implementing Department policy.  Plaintiff alleges that Sheriff Watson failed to maintain proper conditions or establish proper policies, practices, and regulations for the conduct and oversight of the Clark County Sheriff's Department and its employees to assure the reasonable safety of all inmates.  (Compl. ¶¶ 4-5.)  Sheriff Watson is sued "individually and in his official capacity."  Id.

Defendant Derrick Barnes is the Clark County Jail Administrator.  In the caption of the Complaint, Barnes is named in his official capacity only.  Plaintiff alleges that Barnes was responsible for the "training, supervision, discipline, and control of all Deputy Jailers" and ensuring "that the Jail conforms to the requirements of Arkansas law, minimum jail standards, and the laws and Constitution of the United States."  In the body of the Complaint, Barnes is "sued individually and in his official capacity."  (Compl. ¶ 6.)

Doe Defendants 1-20 are identified as unknown agents, servants or employees of Clark County who were on duty the day of the incident.  The Doe Defendants are sued individually and in their official capacities.  Plaintiff intended to identify additional defendants during discovery.

(Compl. ¶ 8.)  The deadline to complete discovery passed September 11, 2020, and no additional defendants have been named.

In their motion for summary judgment, Defendants seek dismissal of Plaintiff's official capacity claims against all Defendants because Plaintiff has shown no proof that an unconstitutional Clark County policy or custom was the cause of her injury.  Defendants claim summary judgment should be granted on the individual capacity claims against Watson and Barnes, because Plaintiff cannot establish either Defendant was personally involved in or deliberately indifferent to the violation(s) of her civil rights by Defendant Karr.  Finally, all official capacity Defendants claim immunity from suit under state law for damages on Plaintiff's negligence claim.  For the reasons set forth herein, the motion for summary judgment will be granted.

II. SUMMARY JUDGMENT STANDARD

The Federal Rules of Civil Procedure provide that when a party moves for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a); *Krenik v. Cnty. of LeSueur*, 47 F.3d 953, 957 (8th Cir. 1995).  The Supreme Court has issued the following guidelines for trial courts to determine whether this standard has been satisfied:

> The inquiry performed is the threshold inquiry of determining whether there is a need for trial—whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *see also Agristor Leasing v. Farrow*, 826 F.2d 732 (8th Cir. 1987); *Niagara of Wis. Paper Corp. v. Paper Indus. Union-Mgmt. Pension*

*Fund*, 800 F.2d 742, 746 (8th Cir. 1986). A fact is material only when its resolution affects the outcome of the case. *Anderson*, 477 U.S. at 248. A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. *Id*. at 252.

The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. *Enter. Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id*. The nonmoving party must then demonstrate the existence of specific facts in the record that create a genuine issue for trial. *Krenik*, 47 F.3d at 957. A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials but must set forth specific facts showing that there is a genuine issue for trial. *Anderson*, 477 U.S. at 256.

III.   DISCUSSION

A.    § 1983 Official Capacity Claims

"Local governing bodies … can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where, as here, the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 690, 98 S. Ct. 2018, 2035–36, 56 L. Ed. 2d 611 (1978). "A municipality may not be held liable under § 1983 solely because it employs a tortfeasor… Instead, the plaintiff must identify a municipal 'policy' or 'custom' that caused the injury." Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown, 520 U.S. 397, 397, 117 S. Ct. 1382, 1385, 137 L. Ed. 2d 626 (1997) (internal citations omitted); see also Doe v. Washington County, 150 F.3d 920 (8th Cir. 1998) (holding a governmental entity may be held liable for the unconstitutional acts of its officials and/or employees only when those acts implement or execute an unconstitutional county policy or custom). In absence of a written

4

policy, Plaintiff must identify a pattern of widespread unconstitutional conduct so pervasive and well settled it had the effect of law. See Jane Doe A By & Through Jane Doe B v. Special Sch. Dist. of St. Louis Cty., 901 F.2d 642, 645 (8th Cir. 1990).

Defendants argue that the § 1983 official capacity claims should be dismissed, because Plaintiff has submitted no proof that an unconstitutional Clark County policy or custom was the cause of her injury. In support of their motion for summary judgment, Defendants submitted proof that at the time of the incident, written Clark County policy and procedure expressly prohibited sexual contact between officers and detainees, whether consensual or not. See Watson Aff., Oct. 9, 2020, ECF No. 20-1 at ¶¶ 8-9.

Plaintiff has not filed a response in opposition to the motion for summary judgment. The Court notes that the Complaint alleges Plaintiff was transferred by Defendant Karr without another female jailer, which goes against standard inmate transfer procedures and protocols. Compl., Feb. 22, 2019, ECF No. 1 at ¶16. Plaintiff also alleges that she suffers from a mental defect; she was ordered to be transferred for medical treatment; she had previous unwanted and coerced contact with Defendant Karr[1]; jail employees were not adequately trained to protect detainees who have known mental defects; the jail was under-staffed and Defendants disregarded an excessive risk to Plaintiff's safety. Id. at ¶18. Giving Plaintiff's allegations the benefit of the doubt and construing all reasonable inferences in Plaintiff's favor, the Court cannot find a genuine issue of material fact as to whether Clark County had a policy or custom of failing to adequately receive, investigate, and act upon prior complaints of Defendant Karr's misconduct, a finding of which would be a

---

[1] While Plaintiff alleges the Sheriff Department Defendants knew of and ignored the inappropriate and sexually assaultive behavior of Defendant Karr (Compl. ¶ 16), Plaintiff does not allege that she made a complaint about her prior contact with Defendant Karr, nor does she allege facts showing Defendants Watson and Barnes had reason to suspect or know of the prior contact. Defendants submitted proof that "neither Sheriff Watson nor jail administrator Barnes nor any other member of the Sheriff's executive team had any reason to believe, and certainly had no actual knowledge, that [Defendant] Karr would engage in sexual contact with any detainee." Watson Aff. at 2.

prerequisite to the imposition of liability against the County.  See Jane Doe A By & Through Jane Doe B v. Special Sch. Dist. of St. Louis Cty., 901 F.2d 642, 645 (8th Cir. 1990) (finding no evidence Defendants had notice of a pattern of persistent and widespread unconstitutional practices).  Accordingly, summary judgment should be granted, and the official capacity claims should be dismissed.

        B.        § 1983 Individual Capacity Claims

In a section 1983 action, state actors may be entitled to qualified immunity. The doctrine of qualified immunity provides that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  Harlow v. Fitzgerald, 457, U.S. 800, 818 (1982).  The Supreme Court has instructed courts to apply a two-step sequence for resolving government officials' qualified immunity claims. "First, a court must decide whether the facts plaintiff has alleged or shown make out a violation of a constitutional right.  Second, if the plaintiff has satisfied the first step, the court must decide whether the right at issue was 'clearly established' at the time the of defendant's alleged misconduct." Saucier v. Katz, 533 U.S. 194, 201 (2001).  The Court should determine "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Clemmons v. Armontrout, 477 F.3d 962, 965 (8th Cir. 2007); see also Lawyer v. City of Council Bluffs, 361 F.3d 1099, 1103 (8th Cir. 2004) (quoting Anderson v. Creighton, 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987)).  Courts may exercise discretion in deciding which of the two prongs to address first.  Pearson v. Callahan, 555 U.S. 223, 232 (2009).

1.      Pleading Individual Capacity.  Initially, Defendants Watson and Barnes argue that Plaintiff's individual capacity claims are limited to Defendant Karr, because the caption of the Complaint fails to clearly indicate that Watson and Barnes are being sued in their individual capacities.   Upon review, the Court finds that, while the caption does not so specify, the body of the Complaint makes clear that each is sued "individually and in his official capacity."  Compl. ¶¶ 4, 6. As the language of the complaint is sufficiently clear to give Defendants notice that they are being sued in their individual capacities, the Court will not dismiss any individual capacity claims for being insufficiently pleaded.  Jackson v. Crews, 873 F.2d 1105, 1107 (8th Cir. 1989); Baker v. Chisom, 501 F.3d 920 (8th Cir. 2007).

2.      Qualified Immunity.  To establish a claim of personal liability against supervisory defendants Watson and Barnes, Plaintiff must "allege specific facts of personal involvement in, or direct responsibility for, a deprivation of [her] constitutional rights." Clemmons v. Armontrout, 477 F.3d 962, 967 (8th Cir. 2007) (internal quotations and citations omitted).  Defendants contend that Watson and Barnes are immune from liability because neither was personally involved in the civil rights violation suffered by Plaintiff.  After reviewing the record, the Court agrees that Plaintiff makes no allegation and provides no evidence that either Watson or Barnes was personally involved or had personal knowledge.  Furthermore, Defendants' general responsibilities as Warden and Jail Administrator are insufficient to establish direct responsibility for the deprivation of Plaintiff's civil rights.  See Ouzts v. Cummins, 825 F.2d 1276, 1277 (8th Cir. 1987). Accordingly, individual capacity defendants Watson and Barnes are entitled to summary judgment on the basis of qualified immunity, and the individual capacity claims against them should be dismissed.

    C.    Arkansas Civil Rights Act

This Court may look to federal decisions construing constitutional claims under 42 U.S.C. § 1983 as persuasive authority in construing claims under the ACRA.  See Faughn v. Kennedy, 2019 Ark. App. 570, 3, 590 S.W.3d 188, 192 (2019), reh'g denied (Feb. 5, 2020) (applying federal decisions construing 42 U.S.C. § 1983 to ACRA claims).  Based on the analysis of the federal claims and for the same reasons, Plaintiff's ACRA claims, including the official capacity claims and the individual capacity claims against Watson and Barnes, should be dismissed.

    D.    Statutory Immunity from Tort Liability.

The Official Capacity Defendants contend they are statutorily immune from suit for the negligence claims.  See Ark. Code Ann. § 21-9-301.  The Court agrees.  Defendants are immune from suit for any negligent acts they may commit in the performance of their official duties. Matthews v. Martin, 280 Ark. 345, 658 S.W.2d 374 (Ark. 1983) (holding municipal immunity for governmental functions has been the rule in Arkansas for over a hundred years).  Defendants have not waived immunity and submitted evidence of lack of liability insurance.  See Watson Aff. ¶10. Accordingly, summary judgment should be granted on the issue of statutory immunity for government entities and the negligence claims against the official capacity defendants should be dismissed.

    V.    ORDER

Wherefore, the Court makes its order as follows:

1.    Doe Defendants 1-20 are hereby DISMISSED;

2.	The Motion for Summary Judgment (ECF No. 18) with regard to the official capacity claims is GRANTED, and all claims against Defendants in their Official Capacities are hereby DISMISSED;

3.	The Motion for Summary Judgment on grounds of qualified immunity for the individual capacity claims against Defendants Watson and Barnes is hereby GRANTED, and all individual capacity claims against Watson and Barnes are hereby DISMISSED;

4.	The Motion for Summary Judgment on grounds of statutory immunity for negligence in the performance of official duties is hereby GRANTED, and all claims for negligent acts committed by Defendants in the performance of official duties are DISMISSED.

5.	Plaintiff's claims against Defendant Myles Karr in his individual capacity remain before the Court.

**IT IS SO ORDERED** this 22nd day of December 2020.

/s/ *Robert T. Dawson*
**ROBERT T. DAWSON**
**SENIOR U.S. DISTRICT JUDGE**